FILED

JAN 28 AM 10: 59

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name ___Zinn, John___
       (Last)        (First)        (Initial)

3  Prisoner Number ___349704___

4  Institutional Address ___Corrigan Correctional Institution___

5  ___986 Norwich-New London Tpke, Uncasville, CT 06382___

6

7               **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**

8  ___John Zinn___
   (Enter the full name of plaintiff in this action.)            )
9                                                                 )
                                                                  )
10                    vs.                                         )   Case No. _____
                                                                  )   (To be provided by the clerk of court)
11  ___Lee Ann Chrones___                                         )
    ___Director California___                                     )   **PETITION FOR A WRIT**
12                                                                )   **OF HABEAS CORPUS**
    ___Department of___                                           )
13                                                                )                        **(PR)**
    ___Corrections,___                                            )
14  (Enter the full name of respondent(s) or jailer in this action)  )

15

16

17  <u>Read Comments Carefully Before Filling In</u>

    **When and Where to File**

18        You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  <u>A.  INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1.  What sentence are you challenging in this petition?

12        (a)  Name and location of court that imposed sentence (for example; Alameda

13        County Superior Court, Oakland):  100 N. State Street

14  Mendocino County    Ukiah, CA 94582

15  (California (Superior Cam)    Court        Location

16      People v. Chow (Adrien Lee)
    (b)  Case number, if known  SCUK-CRCR-00-38417

17      (c)  Date and terms of sentence  3 yr. Sentence plus 1 yr. prison prior

18      (d)  Are you now in custody serving this term?  (Custody means being in jail, on

19      parole or probation, etc.)    Yes ✓    No ____

20  Where?  Connecticut Correctional Institution

21  Name of Institution:  Corrigan Correctional Institution

22  Address:  986 Norwich-New London Tpke

23  Uncasville, CT 06382
    2.  For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  California Vehicle Code Section 10851(c)

27    "    "  Penal Code (Prior prior

28  1 year)

PET. FOR WRIT OF HAB. CORPUS        - 2 -

3. Did you have any of the following?

    Arraignment:                     Yes ✓    No _____

    Preliminary Hearing:          Yes ✓    No _____

    Motion to Suppress:  Attorney failed to file motion to suppress    Yes    No _____

4. How did you plead?

    Guilty ✓    Not Guilty _____    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____    N/A

6. Did you testify at your trial?            Yes _____    No _____  N/A

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment               Yes ✓    No _____

    (b)    Preliminary hearing        Yes ✓    No _____

    (c)    Time of plea               Yes ✓    No _____

    (d)    Trial                      Yes _____    No _____  N/A

    (e)    Sentencing               Yes ✓    No _____

    (f)    Appeal                   Yes _____    No _____  N/A

    (g)    Other post-conviction proceeding    Yes _____    No ✓

8. Did you appeal your conviction?         Yes _____    No _____

    (a)    If you did, to what court(s) did you appeal?  On advice of cansel with drawn appeal.

            Court of Appeal             Yes _____    No _____

            Year: _____    Result: _____

            Supreme Court of California    Yes _____    No _____

            Year: _____    Result: _____

            Any other court          Yes _____    No _____

            Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

1    petition?                                    Yes _____     No_____   N/A

2    (c)    Was there an opinion?               Yes _____     No_____   N/A

3    (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                Yes _____     No_____   N/A

5    If you did, give the name of the court and the result:

6    _____

7    _____

8    9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9    this conviction in any court, state or federal?          Yes __✓__     No_____

10   [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16   (a)    If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18   I.     Name of Court: Superior Court of California

19   Case No        County of Mendocino
     ↓
         Type of Proceeding: habeas corpus petition
     SCUK-CRCR-

20   0-79326    Grounds raised (Be brief but specific):

21          a. Prosecuted in wrong County lack of subject
            matter jurisdiction.

22          b. Ineffective Assistance of counsel

23          c. (for failure to contest wrong jurisdiction)

24          d. _____

25   Result: Denied                      Date of Result: 08/14/07

26   II.    Name of Court: California Court of Appeal First Appellate District
     Case No
     ↓
27   A118952   Type of Proceeding: habeas corpus petition

28          Grounds raised (Be brief but specific): --

PET. FOR WRIT OF HAB. CORPUS          - 4 -

1      Prosecuted In wrong County, Lack of
       a. Subject matter Jurisdiction

2      b. Ineffective Assistance of cansel
3      (For failure to Contest wrong jurisdiction)
       c. _____

4      d. _____

5      Result: Denied            Date of Result: 10/17/2007

6      III.   Name of Court: Supreme Court of California
       Case No

7      ↓      Type of Proceeding: habeas Corpus petition
       S 157800

8             Grounds raised (Be brief but specific):

9             a. Prosecuted In wrong County, Lack of
                 Subject matter jurisdiction

10            b. _____

11            c. Ineffective Assistance of Cansel
12               (For failure to contest wrong jurisdiction.)
              d. _____

13            Result: Denied            Date of Result: 11/28/2007

14     N/A  IV.   Name of Court: _____

15            Type of Proceeding: _____

16            Grounds raised (Be brief but specific):

17            a. _____

18            b. _____

19            c. _____

20            d. _____

21            Result: _____ Date of Result: _____

22     (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                              Yes _____    No ✓

24     Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26         State briefly every reason that you believe you are being confined unlawfully.  Give facts to

27  support each claim.  For example, what legal right or privilege were you denied?  What happened?

28  Who made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]    Lack of Fundamental Jurisdiction

5  Claim One: Prosecuted In wrong Canty. In proper

6  Venue - Jurisdiction

7  Supporting Facts: Allegedly According to California Highway Petrol

8  Report, Petition Stole Car from Lake Canty (upper Lake

9  Califonia). Yet was prosecuted in Mendocino Canty.

10 Denal due Process (5th /14th / 6th Amend usc).

11 Claim Two: Violotion of Ineffective Assistance of Cansel

12 for failure To contest Lack of fundamentel

13 Jurisdiction.
   Supporting Facts: It was ineffective assistance of cansel

14 petitioner suffered, when defense cansel failed

15 To contest, object or argue petitioner was

16 being prosecuted in the wrong canty, hence

17 lack of fundamentel jurisdiction. ( 6th Amend.
   Claim Three:                                          Violotion)

18 _____

19 Supporting Facts: _____

20 _____

21 _____

22 _____

23      If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 _____

26 _____

27 _____

28 _____

Petitioner John Zinn, (hereinafter "petitioner") petitions this Court to issue a writ of habeas corpus, and dismiss the petitioners case and release the petitioner from the respondents custody. In support of his petition for writ of habeas corpus to be granted the petitioner states the following:

Grand one.

1. Petitioner was alleged to have stolen a vehicle in Lake County (upper Lake) California according to the Highway Patrols Report of the CHP.

2. Petitioner was prosecuted Not in Lake County, but in Mendocino County.

3. Mendocino County had Lack of fundamental jurisdiction over the petitioner. [1]

Historically, habeas corpus provided an avenue of relief for those criminal defendants confined by a judgment of a court that lacked fundamental jurisdiction, that is, jurisdiction over the person or subject matter. (See Ex parte Long (1896)

Page 6 A

[1] In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94. (1998) the court stated, "without jurisdiction the court cannot proceed at all in any cause."

114 Cal. 159 [45 P. 1057]. See also
E.g. Ex parte Kearny, 7 wheat. 38;
Ex parte Watkins 3 Pet. 193 (1830).
Although this strict jurisdictional view
of habeas corpus has changed over the
years, it is clear that a true lack of
fundamental jurisdiction in the strict
sense of the phrase results in a void
judgment, for the court was entirely
without power over the subject matter
or the parties. (See People v. Superior
Court (Marks) (1991) 1 Cal. 4th 56, 66;
[2 Cal. Rptr. 2d 389, 820 P. 2d 613], Abelleira
v. District Court of Appeal (1941) 17
Cal. 2d 280, 288 [109 P. 2d 942, 132 ALR
715].

According to the California Supreme
Court in In re Harris 5 Cal. 4th 813,
855 P. 2d 391 @ 836,

    "A judgment rendered by a Court
    wholly lacking jurisdiction may be
    challenged at any time."
                    (See In
re Harris, attached)

Page 6 B

Ground Two

Violation of Ineffective Assistance of Counsel For Failure To Contest Lack of Fundamental Jurisdiction.

It was ineffective assistance of counsel petitioner suffered when defense counsel failed to contest object or argue the fact the petitioner was being prosecuted in the wrong county, hence lack of Fundamental jurisdiction ( Petitioner was alleged to have stolen a vehicle in Lake county (Upper lake) California. According to a California Highway Petrole Report.

However petitioner was prosecuted not in Lake County, but in Mendocino County. Mendocino County had lack of Fundamental jurisdiction over the petitioner.

Petitioner suffered ineffective assistance of counsel in violation of the 6th Amendment

Page 6 c

The 6th Amendment to the United States Constitution and Article I, section 13 of the California Constitution gives the right to effective assistance of counsel.

A criminal defendant is deprived of effective counsel when his defense attorney fails to act in a manner expected of reasonably competent acting as a dilligent advocate and it is reasonably probable that a determination more favorable to the defendant would have resulted if counsel had been effective. See Strickland v. Washington (1984) 466 US 688; People v. Fosselman (1983) 33 Cal. 3d 572, 584; People v. Pope (1979) 23 Cal. 3d. 412.

Petitioner has served his entire sentence imposed, and nearly (4) years in parole violations, on this case, and he is in custody on a California parole violation presently.

Page 6 D

## Prayer For Relief

Wherefore, petitioner prays that this Court:

1. Issue a writ of habeas corpus.
2. Dismiss the criminal conviction of the petitioner,
3. Release the petitioner from Respondent's custody.
4. Appoint Counsel.

and

5. Issue any further relief the Court deems just and proper.

Dated: 12/10/07

Respectfully submitted,

John Zinn
Petitioner Pro Se

Page 6 E

1       List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases: ① In re Harris 5 Cal. 4th 813; ② Steel co. v Citizens

4    for a Better Environment 523 U.S. 83, @ 94; Strickland

5    v. Washington (1984) 466 U.S. 688; People v. Fosselman

6    (1983) 33 Cal. 3d 572 @ 584; People v. Pope (1979)

   23 Cal. 3d 412

7    Do you have an attorney for this petition?   Yes____ No__✓__

8    If you do, give the name and address of your attorney:

9    _____

10       WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on ___12/10/07___   _____

14        Date        Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS  - 7 -

## In re CHARLES HARRIS on Habeas Corpus.
### No. S022130
### SUPREME COURT OF CALIFORNIA
### 5 Cal. 4th 813; 855 P.2d 391; 21 Cal. Rptr. 2d 373; 1993 Cal. LEXIS 3651; 93 Cal. Daily Op. Service 5752; 93 Daily Journal DAR 9723
### July 29, 1993, Decided

**SUBSEQUENT HISTORY:** As Modified September 30, 1993.

**PRIOR HISTORY:** Superior Court of Los Angeles County, No. A629873, Rosemary Dunbar, Judge.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Petitioner filed a writ of habeas corpus seeking review of an order of the Superior Court of Los Angeles County (California) that sentenced petitioner as an adult for criminal acts committed the day before petitioner's sixteenth birthday.

**OVERVIEW:** On the day before petitioner's sixteenth birthday, petitioner committed the criminal act of homicide. Petitioner was tried and sentenced as an adult. Petitioner filed a writ of habeas corpus. The court granted the writ. The court held that the writ was proper to consider because petitioner's allegations concerned an order that was administered in excess of the trial court's powers. The court first determined that the trial court had proper subject matter jurisdiction because whether a case should proceed in juvenile or adult court did not involve an issue of subject matter jurisdiction. The court then held that the adjudication of petitioner's guilt was proper, as petitioner made no allegations refuting the verdict. However, the court determined that the sentence imposed was improper because petitioner could only be subject to the maximum punishment available for a juvenile. The court held that the common law birthday rule applied to age determination under Cal. Code Civ. Proc. § 26. The court held that petitioner did not reach the age of 16 until the actual date of his birthday.

**OUTCOME:** The court reversed the adult criminal sentence imposed on petitioner and remanded because petitioner was a juvenile at the time the criminal acts were committed, as they occurred the day before petitioner's sixteenth birthday.

**CORE TERMS:** habeas corpus, adult, habeas corpus, juvenile, birthday, postappeal, common law, direct appeal, jurisdictional, raising, assistance of counsel, ineffective, finality, italics, calculation, excess of jurisdiction, collateral, habeas corpus, years old, constitutional error, matter jurisdiction, fundamental constitutional rights, sentence, fitness, corpus, minute, fundamental jurisdiction, waived, general rule, years old

### LexisNexis(R) Headnotes

*Civil Procedure > Jurisdiction > General Overview*
*Criminal Law & Procedure > Habeas Corpus > Cognizable Issues > Due Process*
*Criminal Law & Procedure > Habeas Corpus > Procedural Default > Actual Innocence & Miscarriage of Justice > Miscarriage of Justice*

[HN1] Habeas corpus is become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights. The denial of a fair and impartial trial amounts to a denial of due process of law and is a miscarriage of justice. Fundamental jurisdictional defects, like constitutional defects, do not become irremediable when a judgment of conviction becomes final, even after affirmance on appeal. However, the petitioner must show that the defect so fatally infected the regularity of the trial and conviction as to violate the fundamental aspects of fairness and result in a miscarriage of justice.

*Civil Procedure > Jurisdiction > General Overview*

even though his crimes were committed when he was only 15 years old, did not violate his due process right to a fair trial. There was no indication that anything undermined the relative fairness of the trial, and, since defendant was tried in adult court, he was simply the beneficiary of an additional procedural option, trial by jury, which was not available in juvenile court. Such treatment did not per se violate the due process clause of U.S. Const., 14th Amend. Nor was defendant's right to due process violated because he was not tried in a court of "competent" jurisdiction. He made no claim that the trial court was unconstitutionally constituted; inasmuch as the trial court had jurisdiction over felony trials and was properly constituted, it was a competent court. Thus, in the context of his postappeal petition for habeas corpus relief, defendant was unable to show that a fundamental constitutional error excepted him from the rule that habeas corpus will not serve as a second appeal.

**(10) Habeas Corpus § 15--Grounds for Relief--Trial of Minor in Adult Court--Fundamental Constitutional Error--Equal Protection.** --The fact that defendant's trial took place in adult court, even though his crimes were committed when he was only 15 years old, did not deny him equal protection of the laws on the basis that other offenders his age were tried in juvenile court. The record did not show that he was a victim of discriminatory prosecution, and the law was not unconstitutionally vague for investing prosecutorial authorities with inordinate discretion in calculating his age. Nor could defendant justifiably claim he lacked sufficient notice that his conduct was prohibited. The fact that appellate courts have differed in their interpretation of Civ. Code, § 26 (period of minority), is not necessarily equivalent to a finding that the statute lacked adequate constitutional guidelines. Moreover, the method used to calculate defendant's age was not irrational. It did not violate equal protection principles for the Legislature to draw a line at age 16 to distinguish between adults and juveniles where, as here, it had a rational basis for doing so. Thus, in the context of his postappeal petition for habeas corpus relief, defendant was unable to show that a fundamental constitutional error excepted him from the rule that habeas corpus will not serve as a second appeal.

**(11) Habeas Corpus § 9--Grounds for Relief--Lack of Fundamental Jurisdiction.** --For purposes of habeas corpus relief, a true lack of fundamental jurisdiction in the strict sense of the phrase results in a void judgment, since the court was entirely without power over the subject matter or the parties. A judgment rendered by a court wholly lacking jurisdiction may be challenged at any time.

**(12) Habeas Corpus § 9--Grounds for Relief--Trial of Minor in Adult Court--Lack of Subject Matter Jurisdiction.** --A defendant who was tried in adult court even though his crimes were committed one day prior to his 16th birthday, and who unsuccessfully challenged the superior court's jurisdiction on appeal, was not entitled to petition for postappeal habeas corpus relief based specifically on his claims that the juvenile court had exclusive jurisdiction over the offenses, and that the superior court lacked subject matter jurisdiction to try him under adult law. Whether a case should proceed in juvenile or adult court does not involve an issue of subject matter jurisdiction. There is but one superior court in a county, even though it is divided into different departments, and since defendant was charged with a felony, the superior court had subject matter jurisdiction. If he was under 16, however, the superior court's criminal department lacked jurisdiction to act, and its trial of defendant constituted an excess of jurisdiction, not a lack of fundamental jurisdiction. While lack of fundamental jurisdiction may not be waived, a person eligible to proceed in juvenile court may waive this right. This general rule applies in cases, as here, when the accused fails to timely object, on the basis of age, to the adult court's assumption of jurisdiction.

justifiably claim he lacked sufficient notice that his conduct--one count of second degree murder, seven counts of attempted murder--was prohibited. (See *People v. Superior Court (Caswell)* (1988) 46 Cal.3d 381, 389-390 [250 Cal.Rptr. 515, 758 P.2d 1046] [discussing the lack of notice issue].) Moreover, that appellate courts have differed in their interpretation of Civil Code section 26 is not necessarily equivalent to a finding that the statute lacked adequate guidelines in the constitutional sense.

Inasmuch as petitioner fails to establish a due process or equal protection violation, we need not decide whether such violations, if shown, would fall within the "fundamental constitutional error" exception to the *Waltreus* rule. We recognize the possibility that in rare situations, there may be some clear and fundamental constitutional violation striking at the heart of the trial process that should have been raised or was unsuccessfully raised on appeal, and that cannot be remedied by resort to the doctrine of ineffective assistance of counsel. Such a fundamental breakdown in the appellate process may present an exception to the *Waltreus* rule. We need not now define the exact boundaries of any such surviving exception, for petitioner has not demonstrated he falls within its perimeter.

B. *LACK OF FUNDAMENTAL JURISDICTION*

Historically, habeas corpus provided an avenue of relief for only those criminal defendants confined by a judgment of a court that lacked fundamental jurisdiction, that is, jurisdiction over the person or subject matter. (See *Ex parte Long* (1896) 114 Cal. 159 [45 P. 1057].) **(11)** Although this strict jurisdictional view of habeas corpus has changed over the years, it is clear that a true lack of fundamental jurisdiction in the strict sense of the phrase results in a void judgment, for the court was entirely without power over the subject matter or the parties. (See *People v. Superior Court (Marks)* (1991) 1 Cal.4th 56, 66 [2 Cal.Rptr.2d 389, 820 P.2d 613]; *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) A judgment rendered by a court wholly lacking jurisdiction may be challenged at any time. Petitioner asserts his case comes within this "classic" exception to the *Waltreus* rule. As we explain, we conclude the trial **[\*837]** court possessed subject matter jurisdiction in this case. Accordingly, we reject the notion that *Waltreus* is inapplicable to his case on this theory. [11]

[11] We are aware that language in *In re Carmen* (1957) 48 Cal.2d 851 [313 P.2d 817], suggests that failure to raise the issue of the trial court's fundamental jurisdiction precludes a later collateral attack on that ground. ( at p. 855.) That case is distinguishable, however, for two reasons. First, petitioner Harris raised the issue of his age and the trial court's jurisdiction below. Second, the *Carmen* court's pronouncement regarding the cognizability of the issue on collateral attack is dictum inasmuch as that court ultimately denied relief based on the now-discredited proposition that a habeas corpus petitioner "may not contest . . . the trial court's determination and exercise of jurisdiction, upon the basis of new and additional facts which do not appear in the trial court record." ( at p. 853; see also at p. 859.) Habeas corpus "has embraced the entire course of the proceedings, including additional evidence taken either directly or under an order of reference. [Citations.]" ( *In re Jackson* (1964) 61 Cal.2d 500, 503 [39 Cal.Rptr. 220, 393 P.2d 420].) Accordingly, we conclude *Carmen, supra,* does not control this case.

**[\*\*\*386] (12)** Petitioner contends that because he was not yet 16 years old on the day the crimes were committed, the juvenile court had *exclusive* jurisdiction over the offenses. "[T]he Welfare and Institutions Code provides that the juvenile courts exercise exclusive jurisdiction over all minors under the age of 16; these children cannot otherwise be tried as criminal offenders." ( *In re Gladys R.* (1970) 1 Cal.3d 855, 862 [83 Cal.Rptr. 671, 464 P.2d 127]; see *In re James G.* (1985) 165 Cal.App.3d 462, 466 [211 Cal.Rptr. 611].) Welfare and Institutions Code section 707 also

OMS 4 / [DISPLAY TRUST ACCOUNTS]

Help  Windows

| User: COR120 | CONNECTICUT DEPARTMENT OF CORRECTION | Date: 12/04/2007 |
|---|---|---|

Locn: 0000349704    BK#: 1    Name: Doe, John

**Trust Summary**

| Date | Locn | Type | Transaction Description | Amount | Current | Hold |
|---|---|---|---|---|---|---|
| 11/13/2007 | CTDOC | REG | Mail Receipts 140 | 40.00 | 213.46 | 0.00 |
| 11/14/2007 | CTDOC | REG | Copies 140 | <1.75> | 211.71 | 0.00 |
| 11/16/2007 | CTDOC | REG | Photos SP 140 | <5.00> | 206.71 | 0.00 |
| 11/19/2007 | CTDOC | REG | CRS SAL ORD #5023635 D3 | <34.35> | 172.35 | 0.00 |
| 11/19/2007 | CTDOC | REG | CRS SAL ORD #5023707 D3 | <74.55> | 97.81 | 0.00 |
| 11/20/2007 | CTDOC | REG | Mail Receipts 140 | 40.00 | 137.81 | 0.00 |
| 11/20/2007 | CTDOC | REG | Postage 140 | <0.97> | 136.84 | 0.00 |
| 11/23/2007 | CTDOC | REG | Mail Receipts 140 | 50.00 | 186.84 | 0.00 |
| 11/27/2007 | CTDOC | REG | CRS SAL ORD #5039989 D3 | <47.57> | 139.27 | 0.00 |
| 11/28/2007 | CTDOC | REG | CRS SAL ORD #5041905 D3 | <37.14> | 102.13 | 0.00 |
| 12/04/2007 | CTDOC | REG | CRS SAL ORD #5053377 D3 | <1.92> | 100.21 | 0.00 |
| 12/04/2007 | CTDOC | REG | CRS SAL ORD #5053410 D3 | <65.45> | 34.76 | 0.00 |
| 12/04/2007 | CTDOC | REG | Mail Receipts 140 | 40.00 | 74.76 | 0.00 |

Account Balances: 74.76    0.00

OTIDTACC

Press List of Values to display GL Transaction Details
Record: 98/98

December 10, 2007
John Zinn, 349704
Corrigan Correctional Institution
986 Norwich-New London Turnpike
Uncasville, CT 06382

Honorable Theldon E. Henderson
United States District Judge
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Henderson:
     Your Honor, In closed you
will find (1) original petition
for writ of habeas corpus.
I am in a Connecticut Correctional
Facility. On a California parole
violation.
     I realize there is a $5⁰⁰ filing
fee. I have money on my
prison account here.
     Can you please order the
Facility here to pay this
fee. (see account balance), or

①

would you direct the clerk of this court to send me the docket number to this case. And I can have a as many order mailed to the court.

In this institution, it's impossible to get (nearly) any finds mailed out.

Additionally, My name the John Zinn -vs- Adrian Chow thing.
No one knows me here under the Adrian chow name. Could I ask to proceed under John Zinn, other wise mail will never reach me. Please. Thankyou, Your Honor.

Respectfully Submitted,

John Zinn,
Pro Se.

②

PS:

My official Mailing
address is:

John Zinn, 349704
Corrigan Correctional Institution
986 Norwich - New London Turnpike
Uncasville, CT 06382

John Stama,
Corrigan CI
986 Norwich - New London Tpke
Uncasville, CT 06382

Legal Mail

RECEIVED

JAN 2 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

The Honorable Thelton E. Hen
United States District Ju
Northern District of Californi
450 Golden Gate Avenue
San Francisco, CA 9410

Legal Mail